# UNITED STATES DISTRICT COURT

# DISTRICT OF CONNECTICUT

**JESSE SHEEHY,**
    **-Plaintiff**

    **-vs-**　　　　　　　　　　　　　　　　　　**3:05-CV-01614 (CFD)(TPS)**

**RIDGE TOOL CO. ET AL.,**
    **-Defendants.**

## RULING ON DEFENDANTS' MOTION TO COMPEL

The defendants have served on plaintiff, inter alia, interrogatories 11 and 24 which state:

11. With respect to each defendant, set forth by section and title, any statutes, regulations rules, ordinances or any other laws that you claim were violated

24. Set forth in full and complete detail, with respect to each defendant, each and every way that you claim defendants were negligent.

The plaintiff objects to these interrogatories on the basis that they impermissibly call for legal conclusions and that the information requested has already been disclosed. In the event the court finds the interrogatories permissible, plaintiff requests that they be allowed to answer them at the conclusion of discovery. Defendants claim that the two interrogatories are contention interrogatories which are permissible under the Federal Rules.

Federal Rule of Civil Procedure 33(c) states:

An interrogatory otherwise proper is not necessarily objectionable merely because an answer to the

> interrogatory involves an opinion or contention that relates to fact or the application of law to fact, but the court may order that such an interrogatory need not be answered until after designated discovery has been completed or until a pre-trial conference or other later time.

Interrogatories interposed under Rule 33(c), otherwise known as contention interrogatories, serve "to discover the theory of the responding party's case." Salter v. I.C. Sys., Inc., No. 3:04CV1566(RNC), 2005 WL 3941662, at *1 (May 3, 2005). They seek to elicit the responding party's contentions by asking it to state the factual basis underlying its substantive legal claims. As long as the interrogatories call for responses which contain mixed questions of law and fact they are permissible under Rule 33(c). On the other hand, interrogatories that call for answers that "would involve a statement of pure law" remain impermissible. 33 Moore's Federal Practice § 33.79 (Matthew Bender 3d ed.).

Interrogatory 11 is not a contention interrogatory per se because it does not call for a factual answer. However, the court finds that it is a fair interrogatory which seeks information to which the defendant is entitled. The defendant is entitled to know exactly which statutes, regulations, rules or other laws it is alleged to have violated. An identical conclusion was recently reached by the court in United States v. American Airlines, Inc., No. CV-05-4254 (CBA)(VVP), 2006 WL 2987913, at *1 (E.D.N.Y. Oct. 17, 2006). In that case the court found that an interrogatory seeking all the laws and regulations alleged by the plaintiff to

have been violated by the defendant was permissible because

> the defendant is entitled to know what normative standards set forth in laws and regulations the plaintiff will rely on to prove its case...the plaintiff need not opine as to all laws and regulations that would theoretically be violated by the defendant's conduct, but only those upon which it will rely to prove its case.

Id. Likewise, here in this products liability case, the plaintiff must list every law, statute or regulation that he contends each defendant is liable under (i.e. Connecticut Products Liability Act, Negligence, Implied Warranty of Merchantability, OHSA Regulations etc...). The plaintiff is not being asked to hypothesize as to what theories of liability might be available, instead, he is being asked what theories he himself is asserting. This is a fair question and one which should be answered.

On the other hand, Interrogatory 24 is a classic example of a permissible contention interrogatory under Rule 33(c). Defendants are construing the complaint to contain a negligence count and requesting the factual basis thereof. Defendants are clearly permitted this information under Rule 33(c).

In passing on this question the court has considered and finds unavailing plaintiff's contention that the answers are cumulative because they have already been disclosed in the complaint itself and through the documents the plaintiff turned over as part of expert disclosure. That defendants might be able to cull through the discovery already in hand and formulate answers to the questions posed is besides the point. Interrogatory answers are

uniquely useful because they are an admission by a party. Interrogatories serve to lock-in a respondent's answers and may be used in the future to test that respondent's credibility at trial. Therefore, although defendant might possess fragments of the information sought by the two interrogatories in question, they are still entitled to the full and complete answers in interrogatory form.

The plaintiff's request to have his obligation to answer interrogatories 11 and 24 delayed until discovery is over is denied. The provision of Rule 33(c) which allows courts to delay answers to contention interrogatories until at or near the close of discovery is appropriately invoked where it is clear that the responding party does not possess sufficient facts to formulate a response. As the rule makes clear, whether a court decides to delay a party's obligation to answer a contention interrogatory is completely discretionary. Here, the court is convinced that the plaintiff possess enough information to state the factual basis for his negligence claim and which statutes and regulations he is alleging the defendants have violated. A delay is not appropriate.

The defendants' motion to compel **(Dkt. #53)** is therefore **GRANTED** consistent with this ruling. The plaintiff is **ORDERED** to serve answers to interrogatories 11 and 24 on the defendants within 15 days hereof. Because the court rules in favor of the defendants on the legal merits of the motion, it is not addressing the

argument that plaintiff's objections were untimely made.

This is not a recommended ruling. This is a discovery ruling and order reviewable pursuant to the "clearly erroneous" standard of review. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 6(a), (e) and 72(a); and Rule 2 of the Local Rules for U.S. Magistrate Judges. As such, it is an order of the court. See 28 U.S.C. § 636(b)(written objections to ruling must be filed within ten days after service of same).

**IT IS SO ORDERED.**

**Dated at Hartford, Connecticut this 2nd day of April, 2007.**

                                        **/s/ Thomas P. Smith**
                                        **Thomas P. Smith**
                                        **United States Magistrate Judge**