# UNITED STATES DISTRICT COURT

## DISTRICT OF CONNECTICUT

JESSE SHEEHY,
      -Plaintiff


-vs-                            3:05-CV-01614 (CFD)(TPS)


RIDGE TOOL CO. ET AL.,
         -Defendants.


## RULING AND ORDER ON
## DEFENDANTS' MOTION FOR A PROTECTIVE ORDER

This is a product liability case brought pursuant to the Connecticut Product Liability Act. Conn. Gen. Stat. §§ 52-572m-r. The defendants named in the Amended Complaint, (Dkt. #21), are Ridge Tool Company ("Ridge Tool"), Home Depot Incorporated, Emerson Electric Company ("Emerson"), and Home Depot USA Incorporated ("Home Depot USA"). The plaintiff alleges that he was injured using a "Rigid" brand mitre saw which was manufactured by Ridge Tool and/or Emerson and purchased at a Home Depot store operated by Home Depot Incorporated and/or Home Depot USA. The plaintiff alleges severe injuries to his right hand and wrist including the complete loss of his right ring and pinky fingers.

The defendants move pursuant to Fed. R. Civ. P. 26(c) for a protective order with respect to four 30(b)(6) notices of deposition issued by the plaintiff on April 19, 2007. The defendants request that the court order the following:

1) that the depositions of Emerson Electric Company and Home Depot USA, Inc. take place at their respective principle places of business, which are located outside of Connecticut;

2) that Ridge Tool Company and Home Depot, Inc. shall not be required to appear for depositions at all, pending the defendants' anticipated motion for partial summary judgment, because they have been wrongly named as defendants in this case;

3) that the depositions not take place until the plaintiff has properly identified the corporate designee(s) he wishes to depose pursuant to F.R.C.P. Rule 30(b)(6);

4) that the defendants be permitted to take the plaintiff's deposition before any of the defendants' depositions take place; and

5) that the defendants shall not be required to comply with the production requests attached to said notices until defendants' responses to the plaintiff's written discovery requests are due.

(Defs.' Mem. in Supp. at 1-2.)

The movant bears the burden of showing "good cause" for the issuance of a protective order. Fed. R. Civ. P. 26(c). With this standard in mind, the court addresses each of the five requests for relief contained in the defendants' motion.

## A.    Location of the 30(b)(6) Depositions

On April 19, 2007 the plaintiff served four notices of deposition pursuant to Rule 30(b)(6), one for each of the corporate defendants. (Defs.' Mem. in Supp. Ex. B.) The notices laid out the following deposition schedule:

Home Depot Incorporated : April 26, 2007 at 9:30 a.m.

Home Depot USA : April 26, 2007 at 1:30 p.m.

Emerson : April 27, 2007 at 9:30 a.m.

Ridge Tool : April 30, 2007 at 9:30 a.m.

(<u>Id.</u>)  Each notice required the company to send a representative "that is most knowledgeable as to the subject Complaint."  (<u>Id.</u>) The notices called for all of the depositions to take place at "the offices of Shepro & Blake, LLC, 2051 Main Street, Stratford, Connecticut 06615."  (<u>Id.</u>)

The defendants argue that the notices improperly require their 30(b)(6) witnesses to travel to Connecticut for their depositions. They contend that the presumption is that corporate defendants be deposed in their principle place of business[1] and that forcing their representatives to travel to Connecticut will unduly require them to expend significant time and expense.

The plaintiff acknowledges that there is a general presumption that corporate defendants be deposed in their principle place of business.  However, the plaintiff sets forth two reasons why the court should exercise its discretion and allow the 30(b)(6) witnesses to be deposed in Connecticut instead.  First, the plaintiff highlights the financial disparity between the parties. The plaintiff cites evidence that the defendant corporations are multibillion-dollar enterprises with global resources.  The

_____

[1]
The principle place of business for both Home Depot Incorporated and Home Depot USA is Atlanta, Georgia. Ridge Tool is located in Elyria, Ohio.  Emerson is headquartered in St. Louis, Missouri.

plaintiff points out that a total six attorneys from three separate large law firms have filed appearances on their behalf. The defendants' position is contrasted with that of the plaintiff, a young individual who has hired a relatively small local law firm and has minimal resources of his own. The plaintiff argues that the defendants are in a much better financial position to bear the costs associated with traveling for the depositions. They have not, in the plaintiff's estimation, supplied any evidence to show that they will be inconvenienced if the depositions take place in Connecticut.

Second, the plaintiff argues that since this case has already required the court to wade into one discovery dispute, see Sheehy v. Ridge Tool Co., 3:05-CV-01614 (CFD)(TPS), 2007 U.S. Dist. LEXIS 24215 (D. Conn. Apr. 2, 2007), it is therefore likely that more will arise during the course of these depositions. If disputes arise, the plaintiff argues, it is better for them to occur here in the District of Connecticut rather than in a foreign jurisdiction completely unfamiliar with the case or the attorneys.

Under the Federal Rules, the deposition of a **non-party** witness must take place within "100 miles from the place where that person resides, is employed or regularly transacts business in person. . . ." Fed. R. Civ. P. 45(c)(3)(A)(ii). The Federal Rules do not, however, take a position regarding where a **party** witness should be deposed. Case law suggests that the general presumption is that a

non-resident corporate defendant should be deposed in its principle place of business. See e.g., Buzzeo v. Bd. of Educ., 178 F.R.D. 390, 392 (E.D.N.Y. 1998). "This presumption is based on the concept that *it is the plaintiff who brings the lawsuit and who exercises the first choice as to the forum.*" Morin v. Nationwide Fed. Credit Union, 229 F.R.D. 362, 363 (D. Conn. 2005) (quoting Tailift USA, Inc. v. Tailift Co. Ltd., 2004 U.S. Dist. LEXIS 28648, No. CIV.A.03-0196-M, 2004 WL 722244, at *1 (N.D. Tex. Mar. 26, 2004)(emphasis in original). A party asserting this presumption has established the "good cause" required under Rule 26(c). Morin, 229 F.R.D. at 363 (citing Payton v. Sears, Roebuck & Co., 148 F.R.D. 667, 669 (N.D. Ga. 1993). A plaintiff seeking to depose a corporate defendant anywhere other than its principle place of business "has the affirmative burden of demonstrating 'peculiar' circumstances which compel the court to order the depositions to be held in an alternate location." Morin, 229 F.R.D. at 363.

The plaintiff here has failed to show the "peculiar" circumstances required to rebut the general presumption. The court is not unsympathetic to the plaintiff's situation. The corporate defendants are likely in a better position to bear the travel costs. However, to require the defendant representatives to come to Connecticut to be deposed would be to turn the general presumption on its head. In effect, the court would be holding that every time an individual sues a corporation, that the 30(b)(6)

depositions are presumptively appropriate in the plaintiff's choice of forum. The court is not prepared to adopt such a rule. Instead, the burden should remain on the plaintiff to show why, in his particular case, the circumstances are such that a corporate defendant's deposition should take place somewhere other than its principle place of business.

The court also does not find that the asserted danger of discovery disputes arising out of these depositions requires that the depositions take place here in Connecticut. In the ruling on the last discovery dispute in this case, the undersigned found that the plaintiff was improperly objecting to some of defendants' interrogatories. The plaintiff now wants to use this discovery dispute as evidence of a generally contentious discovery relationship with the defendants and as a justification to get the deposition moved to Connecticut, where it is more convenient for him. The plaintiff cannot be rewarded for previously raising unavailing objections to defendants' discovery requests.

The defendants' motion with respect to this issue is therefore **GRANTED**.

**B.   Depositions of Ridge Tool & Home Depot Incorporated**

Ridge Tool and Home Depot Incorporated contend that they should not be required to provide 30(b)(6) witnesses for depositions because "neither is a product seller nor a manufacturer pursuant to the Connecticut Product Liability Act. . . ." (Defs.'

Mem. in Supp. at 7.)  They assert that they are incorrectly named in the complaint and will be dismissed from the case after the court renders a decision on what they style an "anticipated motion for partial summary judgment." (Id.)

Whether the defendants' anticipated motion for summary judgment is meritorious is an issue for Judge Droney to decide in the normal course of business.  Until then, discovery will go forward as scheduled with respect to all four of the named defendants.  The motion for a protective order on this issue is therefore **DENIED**.  The depositions will take place at the principle place of business of Home Depot Incorporated and Ridge Tool.

## C. Identification of 30(b)(6) Witnesses

In each of the four notices of deposition, the plaintiff requested that the particular defendant produce "[a] [r]epresentative . . . that is most knowledgeable as to the subject Complaint. . . ." (Defs.' Mem. in Supp. Ex. B.)  The defendants argue that the plaintiff needs to do more to specifically identify the individuals he seeks to depose.  The plaintiff contends he has been sufficiently detailed.  Both cite the Rule itself to support their arguments.  Rule 30(b)(6), in relevant part, states

> [a] party may in the party's notice and in a subpoena name as the deponent a public or private corporation. . . and describe with reasonable particularity the matters on which examination is requested.  In that event, the organization so named shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the

person will testify.

Rule 30(b)(6) thus establishes a two-stepped process. First, the party seeking the deposition must serve a notice that describes "with reasonable particularity" the issues which will be addressed at the deposition. The rule does not require that the party seeking the deposition name particular corporate representatives. On the contrary, once the deposing party has served a satisfactory notice, it is incumbent on the corporate defendant to supply those individuals who may speak for the corporation and are best suited to address the plaintiff's questions.

The court finds that in this case the plaintiff's reference to the complaint does not describe "with reasonable particularity" the issues that will be addressed at the deposition. The amended complaint here is an example of a simple notice pleading which is permissible Rule 8(a). However, while a simple notice pleading suffices to commence an action, it does not, in this case, satisfy the "reasonable particularity" standard of Rule 30(b)(6). When the plaintiff re-notices the depositions the notice should describe in greater detail the issues and topics that will be covered during that particular deposition.

The defendants' motion with respect to this issue is therefore **GRANTED**.

**D.  Timing of Depositions**

The defendants request that the court order that the plaintiff's deposition take place before any of the defendants' depositions are conducted.  The defendants' motion on this issue is **GRANTED.**  Good cause is established by the fact that the defendants' noticed the plaintiff's deposition three months before the plaintiff noticed the defendants' depositions.  The plaintiff also did not object to this request in his memorandum in opposition.

**E.  Timing of Document Production**

Plaintiff served requests for production on April 2, 2007.  (Defs.' Mem. in Supp. at 9.)  A response to them is due June 1st.  The defendants argue that the production requests attached to each of the four deposition notices here in dispute are identical to these April 2nd production requests and that the plaintiff is attempting to obtain the information sought sooner than he is entitled to receive it under the Rules.  The court agrees.

The notices of deposition at issue here were sent on April 19, 2007.  The earliest deposition was noticed for April 26, 2007 at 9:30 a.m. and the latest was scheduled for April 30, 2007 at 9:30 a.m.  The notices gave the defendants only seven to eleven days to produce documents and/or assert objections.  Under Rule 30(b)(5) any request for the production of documents made in a notice for deposition is governed by Rule 34.  Rule 34(b) permits 30 days to

respond to a production request.  The production requests attached to the notices of deposition in question thus violate the Rules. The defendants' motion with respect to this issue is therefore **GRANTED**.

**Conclusion**

For the reasons stated herein, the defendants' motion **(Dkt. #71)** is **GRANTED** in part and **DENIED** in part.  Counsel in this case are **ORDERED** to immediately confer and submit to the court **<u>within 10 days hereof</u>** a proposed scheduling order setting forth proposed dates for the conclusion of discovery and the filing of dispositive motions.

This is not a recommended ruling.  This is a discovery ruling and order reviewable pursuant to the "clearly erroneous" standard of review.  28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 6(a), (e) and 72(a); and Rule 2 of the Local Rules for U.S. Magistrate Judges. As such, it is an order of the court.  <u>See</u> 28 U.S.C. § 636(b)(written objections to ruling must be filed within ten days after service of same).

**IT IS SO ORDERED**

**Dated at Hartford, Connecticut this 24th day of May, 2007.**

**/s/ Thomas P. Smith**
**Thomas P. Smith**
**United States Magistrate Judge**
