UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT


**JESSE SHEEHY,**
        **-plaintiff**


    **-v-**                                               **CIVIL 3:05-CV-1614 (CFD)**


**RIDGE TOOL COMPANY, ET AL.,**
        **-defendants**


## RULING ON MOTION TO COMPEL

The court has already written two lengthy opinions in this case dealing with discovery issues. The parties are now before the court again, this time on plaintiff's motion to compel. The motion is directed at three defendants whose answers to various interrogatories and production requests are alleged to be unsatisfactory. The motion to compel **(Dkt. #93)** is **GRANTED** in part and **DENIED** in part.[1]

---

[1] This denial is without prejudice to plaintiff's making another attempt at obtaining essential discovery through more focused interrogatories and production requests. To the extent defendants interpose objections thereto based on privilege or work product immunity, they must create and provide plaintiff with a privilege

As to Defendant Emerson Electric: The motion to compel is GRANTED as to Interrogatories 6, 7, 12, 13c, 13d, 13e. The motion to compel is GRANTED as to Production Requests 6, 7, 8, 10 (to the extent that defendant shall produce the names and addresses of persons who have complained about the subject product; claimants; written claims; and complaints filed in any legal proceeding), 11 (to the extent that defendant shall produce a copy of any expert report that was disclosed in any lawsuit involving the product in question), and 25. In all other respects the motion is DENIED.

As to the defendant Home Depot, Inc.: The motion to compel is GRANTED as to Interrogatories 2, 10, 11, 12, 16, and 21. The motion to compel is GRANTED as to Production Requests 4, 5, 7, 8, 9, 11, 12, 13, 14, 19. In all other respects the motion to compel is DENIED.

As to the Defendant Ridge Tool Company: The motion to compel is GRANTED as to Interrogatories 2 and 3. While plaintiff may not like the answers he has received, Ridge Tool appears to have adequately answered the remaining interrogatories, representing in writing that "it has no information responsive to this demand." This is an adequate answer. The motion to compel is GRANTED as to Production Request 28 and Ridge Tool is hereby ordered to produce

---

log. This must be done prior to the parties conference under Local Rule 37(a). On the importance of a privilege log and the mechanics of creating one, the parties are directed to Horace Mann Insurance Co. v. Nationwide Mutual Ins. Co., 240 F.R.D. 44 (D.Conn. 2007).

all responsive non-privileged documents within 20 days hereof. In all other respects, the motion to compel is DENIED, as Ridge Tool has represented in writing that, as to Production Requests 1 through 27 and 29 through 31, "it has no information responsive to this demand."

In the event further motions to compel are filed, the court offers the following suggestions: (1) the better practice is not to file a single omnibus motion as to all defendants, but to file individual motions as to each defendant, since an omnibus motion against multiple defendants results in a confusing multiplicity of exhibits; and (2) where possible, memoranda in support of discovery motions should, as to each item in dispute, give a verbatim statement of the discovery requested and the allegedly objectionable responses provided, as illustrated in Horace Mann Insurance Co. v. Nationwide Mutual Insurance Co., 238 F.R.D. 536, 537 (D.Conn. 2006); also see Local Rule 37(a) which specifically requires such a verbatim listing.

To the extent defendants may contemplate one day filing dispositive motions, they are reminded that there is no better way to sabotage one's own motion for summary judgment than to have unreasonably resisted allowing the discovery fairly needed to oppose it. Thus, cooperation among counsel in the discovery process is in everyone's best interest in this case.

**Dated at Hartford, Connecticut, this 23rd day of October, 2007.**

**/s/ Thomas P.Smith**
**Thomas P. Smith**
**United States Magistrate Judge**